PEOPLE, PLAINTIFF AND APPELLEE, *v.* EJEMPLO SUGAR COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Weights and Measures Act.

No. 2029.—Decided June 5, 1923.

MISDEMEANOR—CORPORATION—JURY TRIAL—RIGHT TO JURY TRIAL.—The purpose of Act No. 84 of 1919, in so far as misdemeanors are concerned, is to protect

the jurisdiction of municipal courts and to make a jury trial imperative in cases wherein the district attorney elects to proceed in the district court. But in cases against corporations he has no such election by reason of section 458 of the Code of Criminal Procedure; therefore, a corporation charged with a violation of the Weights and Measures Act is not entitled to a jury trial.

The facts are stated in the opinion.

*Messrs. González Fagundo & González, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Act. No. 84 of July 22, 1919, Session Laws, p. 684, provides as follows:

"Sec. 178.—Issues of fact in cases of felony and in cases of misdemeanor, when the information was originally filed in the District Court and the municipal courts also had jurisdiction of the same, shall be tried by jury if the accused or any one of them so elect and such election must be made before the court at the first reading of the docket in which the case appears. If such election be made it shall be entered on the record and if it be not made that fact shall be stated in the record, in which case it shall be considered that the right to be tried by jury has been waived and the case shall be tried by the court. However, if good reasons are shown, the court may grant a trial by jury at any time after the calling of the docket."

This was a prosecution against a corporation and the appellant alleges that the particular crime was cognizable as a misdemeanor either in the municipal court or the district court and hence that it was entitled to a jury trial. The controversy is reduced to the question of whether or not this particular prosecution could be begun in a municipal court. If not, as there is no assignment of errors in the brief and no other error that we consider fundamental, the judgment must be affirmed.

Chapter VII of the Code of Criminal Procedure describes the proceeding against corporations. On a charge against a corporation a judge must certify whether or not

there is sufficient cause to believe the corporation guilty of the offense charged. Then section 458 provides as follows:

"Sec. 458.—If the officer returns a certificate that there is sufficient cause to believe the corporation guilty of the offense charged, the prosecuting attorney must file an information thereon, as in case of a natural person held to answer."

The appellant is of course correct in maintaining that ordinarily a prosecution for a violation of the law of weights and measures, as here, is a misdemeanor and a case of concurrent jurisdiction, but we agree with the court below that section 458, *supra*, makes it necessary for the *fiscal* to begin by information and that information can be only filed in the district court. The idea of the law evidently was that proceedings against corporations, artificial creatures of the law, are complicated and that a penal action should only be begun by the prosecuting officer in the district court.

The appellant insists that this procedure against corporations was the creature of laws prior to 1904 and that in this year the Legislature gave the municipal courts jurisdiction in all cases of misdemeanor. But section 458 was not directly repealed and repeals by implication are not favored. It is true that the *fiscal* in other cases of misdemeanors may file a complaint in the municipal courts, and so might other persons, but section 458 expressly says that in cases against corporations the prosecution must be by information.

We have assumed that an information can be filed only in a district court and this is the tenor of section 68 of the Code of Criminal Procedure as follows:

"The information is an allegation in writing made to a district court by the prosecuting attorney charging a person with a public offense."

Act No. 84 was apparently designed in so far as misdemeanors are concerned to protect the jurisdiction of the municipal courts and to make a jury trial imperative in the cases wherein the *fiscal* elected to proceed in the district court. But in cases against corporations he had no such election. We find no intention displayed to give a wide right of jury trial in misdemeanor cases.

In any event, where there are two slightly inconsistent provisions of law a construction should be put upon them that would allow both to stand. We find no intention in the law of 1904 of varying the proceedings against corporations and the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.